## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: CV - _____

| | |
|---|---|
| Dorothy Mae Anderson, <br><br>           Plaintiff, <br><br> v. <br><br> MRS Associates and Vince Foster, individually, <br><br>           Defendants. | **COMPLAINT** <br> **WITH JURY TRIAL DEMAND** |

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### PARTIES

3.  Plaintiff Dorothy Mae Anderson is a natural person who resides in the City of Ranier, Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant MRS Associates, Inc. (hereinafter "Defendant MRS") is a collection agency headquartered at 3 Executive Campus, Suite 400, Cherry Hill, NJ 08002 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5.   Defendant Vince Foster (hereinafter "Defendant Foster") is an employee who works for Defendant MRS, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.   Edward Neil Anderson is the son of Plaintiff Dorothy Mae Anderson.

7.   Edward Neil Anderson in October 2005 canceled his Chase Bank credit card account number xxxx xxxx xxxx 0334 (hereinafter "Chase 0334.")

8.   Mr. Anderson and his now ex-wife were then divorcing and, as she was an authorized user on the Chase 0334 account, Edward Anderson wanted to close the Chase 0334 account so as not to incur any charges that were not his sole obligation.

9.   A balance of $1,130.97 was still owed at this time and Chase and Edward Anderson agreed that Chase would close the Chase 0334 account immediately, transfer the balance owed to a new Chase account number and forward the new Chase credit card with a new Chase account number to Edward Anderson.

10.   Mr. Anderson contends Chase failed to close the Chase 0334 account as agreed and it failed to forward a new credit card with the new account.

11.   Instead, Chase re-issued a credit card with the Chase 0334 account number and Edward Anderson's ex-wife continued, unimpeded, by Chase to use the still open account.

12.   Mr. Anderson was livid and contacted Chase repeatedly – all to no avail.

13.     Chase subsequently did close the account but instead of transferring just a balance of $1,130.97 to the new Chase account (hereinafter "Chase 3839"), Chase transferred all the transactions Edward Anderson's ex-wife made including, but not limited to, the fee she paid to her divorce attorney onto Chase 3839.

14.     When Mr. Anderson refused to pay to Chase the balance of $2,623 (due to accumulated late fees and finance charges) on purchases and transactions that was clearly not his obligation, Chase Bank USA sold or assigned the $3754 debt to Defendant MRS.

15.     When Defendant MRS could not locate Edward Anderson in November 2006 to collect on this alleged debt, it telephoned his 89 year-old mother, Plaintiff Dorothy Mae Anderson.

16.     Defendant Vince Foster telephoned Plaintiff Dorothy Mae Anderson on or about November 14, 2006.

17.     Defendant Foster identified himself and Ms. Anderson wrote down the 877-774-7999 and file number 7908117 that Defendant Foster gave her.

18.     When Defendant Foster asked for Edward Anderson's phone number, Ms Anderson refused to give it to him. She told Defendant Foster she did not think Edward Anderson had a phone number.

19.     Plaintiff Dorothy Anderson alleges Defendant Foster then became rude and abusive saying "what kind of a mother are you that you do not know how to contact your son?" in violation of 15 U.S.C. § 1692d.

20.  Ms Anderson recoiled at the charge and hung up the phone.

21.  Ms. Anderson was so extremely upset by Defendant Foster's abusive, harassing conduct she then telephoned her daughter and began to cry.

22.  Ten days later on or about November 24, 2006, Defendant Foster again telephoned Ms. Anderson and again demanded to know how to contact Edward Anderson.

23.  Plaintiff alleges she hung up the telephone only to have Defendant Foster telephone her again a few minutes later demanding to know how to contact Edward Anderson, in violation of 15 U.S.C. §§ 1692c, d, and f.

24.  Defendants' abusive actions toward Plaintiff Dorothy Mae Anderson were in violation of 15 U.S.C. §§ 1692b, 1692d, and 1692f.

25.  Defendants' conduct has caused Plaintiff actual damages in the form of emotional distress, embarrassment, fear and humiliation.

## **TRIAL BY JURY**

26.  Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7. Fed. R. Civ. Pro. 38.

## **CAUSES OF ACTION**

### **COUNT I.**
### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. § 1692 et seq.**

27.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

*Anderson v. MRS*
*Complaint w/ Jury Trial Demand*

28.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

29.    As a result of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants for:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant;

- actual damages from each Defendant for the emotional distress suffered as a result of the FDCPA violations; in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Dated: 9/5/2007                 Respectfully submitted,


By: s/Thomas J. Lyons Jr.

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

**LYONS LAW FIRM P.A.**
Thomas J. Lyons, Esq.
Attorney I.D. #:  65699
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 770-5830
tlyons@lyonslawfirm.com

ATTORNEYS FOR PLAINTIFF

*Anderson v. MRS*
*Complaint w/ Jury Trial Demand*

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF</u>

STATE OF MINNESOTA       )
                                ) ss

COUNTY OF KOOCHICHING      )

        I, Dorothy Mae Anderson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/ Dorothy Mae Anderson
Dorothy Mae Anderson

Subscribed and sworn to before me
this 20th day of August 2007.

Lynette Rosseau
Notary Public